DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRISCILLA CARSWELL YOUNG,**
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D18-1808

[April 17, 2019]

Appeal from the State of Florida, Department of Children and Families; L.T. Case No. 18-1644.

Crystal L. Arocha and Michael J. Lynott of Milber, Makris, Plousadis & Seiden, LLP, Miami, for appellant.

Edmund M. Haskins, Assistant Regional Counsel, Fort Lauderdale, for appellee.

PER CURIAM.

*Affirmed.*

MAY, CIKLIN and KLINGENSMITH, JJ., concur.
MAY, J., concurs specially with opinion, in which CIKLIN, J., concurs.

MAY, J., concurring specially.

I concur with the majority to affirm this appeal, but I do so only because there is no legal basis to reverse. The day care owner pleaded to an aggravated battery charge seventeen years ago. She applied to the Department of Children and Families ("DCF") for an exemption from disqualification in 2004. The hearing officer recommended the exemption be granted based on the day care owner's "clear and convincing evidence to support a reasonable belief that she is of good moral character." The DCF agreed and granted her an exemption.

The day care owner ran her program for fifteen years without incident, at least from the record before us. Nevertheless, the DCF denied her the

same exemption based on an amendment to section 435.07, Florida Statutes, which excludes aggravated battery as an offense for which an exemption can be granted. The day care owner requested a review hearing and informed the DCF that she had obtained the exemption previously, and had been licensed "for over 20 years," and that a denial of an exemption was "not fair . . . as this issue was finalized 13 years ago and [she had] been operating [her] home daycare since with no problem."

I agree with the day care owner. Here, aggravated battery was always a disqualifying offense. Yet, the DCF permitted her to operate her day care center for fifteen years. Although the amended statute, which now disallows the exemption, appears to allow for its retroactive application, to do so in this instance is simply inequitable and unfair.

CIKLIN, J., concurs.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***